UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      v.                                    1:06-cr–0219

TODD A. ZEHNTNER,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Defendant Todd A. Zehntner pleaded guilty to a violation of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography). Pending sentencing, this Court released Defendant on his personal recognizance subject to certain conditions. One such condition required Defendant to participate in a mental health program.

      Defendant did participate in the required program. The mental health treatment provider prepared a report that was forwarded to the United States Probation Office. The report was then provided to the Court and counsel for Defendant. Believing the report to contain certain information that could negatively impact the Court's sentencing decision, Defendant moves to preclude the use of the psychological report on the ground that the use of the report would violate Defendant's Fifth Amendment privilege against self-incrimination. Defendant argues that because he was released pending sentence upon the condition that

he participate in the mental health program, he was placed in a situation where if he invoked his right against self-incrimination and refused to participate in the mental health program, he would violate the terms and conditions of release and face a possible remand (*i.e.*, under threat of penalty).

Although Defendant's contention is by no means settled law, see United States v. Johnson, 446 F.3d 272, 279-280 (2d Cir. 2006) (permitting revocation of supervised release for failure to answer self-incriminating questions); U.S. v. Roy, 438 F.3d 140 (1st Cir. 2006); Asherman v. Meachum, 957 F.2d 978 (2d Cir. 1992), the Court need not address this constitutional issue with respect to sentencing because the government has "no objection to the Court excluding the report from its determination of the appropriate sentence in this matter." Gov't Mem. of Law at 3.

Defendant, nevertheless, contends that the report also needs to be excluded from use by the Bureau of Prisons because the Bureau of Prisons may use information in the report to determine that he is a sexually dangerous person within the meaning of the Adam Walsh Act, see P.L. 109-248 §302; 18 U.S.C. § 4248, and, therefore, be subjected to civil commitment under that Act. It is conceivable that report could be used in this regard. On the other hand, the report could be extremely important to the BOP for purposes of identifying appropriate programs for Defendant or otherwise classifying him. For this reason, the Court finds that the report should be provided to the Bureau of Prisons, but that Defendant retains the right to assert his Fifth Amendment right if he is subjected to the possibility of a penalty.

For the foregoing reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART. The report will not be used in conjunction with sentencing, but may be

provided to the BOP subject to Defendant's retention of his right to assert his Fifth Amendment right at a later time.

IT IS SO ORDERED.

Dated: January 23, 2007

_____
Thomas J. McAvoy
Senior, U.S. District Judge